UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMETT JONES,

    Plaintiff,

v.                                      CASE NO. 07-13896
                                        DISTRICT JUDGE ANNA DIGGS TAYLOR
                                        MAGISTRATE JUDGE DONALD A. SCHEER

DR. JONATHAN ALTMAN,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion to Dismiss should be GRANTED, as Plaintiff has failed to establish any violation of his federally secured constitutional rights by deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan[1], filed an Amended Complaint, pursuant to 42 U.S.C. § 1983, on October 4, 2007, alleging that Defendant had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate medical care for back pain. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought compensatory and punitive damages.

Defendant filed a Motion to Dismiss on July 24, 2008, based upon a failure to state a claim of inadequate medical care. Defendant denied any deliberate indifference to a serious medical need. The doctor maintained that he was not deliberately or wantonly

---

[1]Plaintiff is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan.

indifferent to Plaintiff's serious medical needs, and that he did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention. Plaintiff has not filed a response to Defendants' Motion to date.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106. Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged in his amended complaint that he received immediate medical treatment for his back pain. Plaintiff stated that his back was evaluated by numerous neurologists, who reviewed multiple diagnostic tests to determine the best course of treatment. The pain medication, Tramadol, eventually helped relieve his back discomfort. (See Amended Complaint at pp 3-4).

2

Plaintiff alleged that the defendant discontinued the use of Tramadol in February 2005, after he was charged with misconduct for possibly abusing the medication. Plaintiff maintained that he suffered unnecessary back pain for several weeks because the doctor refused to prescribe the drug. Claiming medical malpractice, gross negligence, cruel and unusual punishment and deliberate indifference to a serious medical need, Plaintiff seeks monetary damages for his pain and suffering during the time the medication was withheld.

Even accepting the facts as provided by Plaintiff, the record is clear that the Defendant was not deliberately or wantonly indifferent to his serious medical needs. The doctor did not knowingly refuse to provide urgently needed medical care, and his conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not be happy with the treatment he has received for his back pain while under the defendant's care, the record demonstrates that health care personnel were at all times responsive to his medical condition.

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against the defendant, he does not link him to any specific incident in which the doctor was personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss should be granted and the instant case be dismissed. Given this recommendation, Plaintiff's Motion for a Subpoena to Conduct Discovery (Docket #24) should be denied.

Defendant's Motion for a Protective Order Staying Discovery (Docket #21) should be denied as moot. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Taylor's acceptance thereof is waived.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2008

_____

## CERTIFICATE OF SERVICE

    I hereby certify on August 29, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 29, 2008. **Emmett Jones.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217